IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOHN DANIEL MARTIN, III**                                            **PETITIONER**

**V.**                  **CIVIL ACTION NO. 5:09cv28-DCB-MTP**

**BRUCE PEARSON, Warden**                                          **RESPONDENT**

<u>REPORT AND RECOMMENDATION</u>

BEFORE THE COURT is the *pro se* Petition of John Daniel Martin, III for a Writ of Habeas Corpus [1] (the "Petition"), filed under 28 U.S.C. § 2241. Having considered the Petition [1], the Affidavit [4] and Memorandum [5] in Support of Petition, the Answer [15], the Rebuttal [16], the Response [20], all matters made a part of the record in this case, as well as applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

<u>Background</u>

Petitioner John Daniel Martin, III pled guilty to three counts of Distribution of Heroin and one count of Distribution of 50 Grams or More of a Mixture and Substance Containing Methamphetamine in the United States District Court for the Eastern District of Louisiana, and on May 25, 2005, was sentenced to serve 87 months in the custody of the federal Bureau of Prisons (BOP). A $400 special assessment ($100 per count) was also imposed. Petitioner is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), where he has been since August 9, 2005, and is projected to be released on March 24, 2011. *See* Exhs. 1 & 2 to Answer.

From June 2006 until April 14, 2009, Petitioner refused to participate in the BOP's Inmate Financial Responsibility Program (IFRP) and to make payments toward his court-ordered

restitution. *See* Exhs. 4, 4A & 9 to Answer; *see also* [5-2] at 26-27. However, on April 15, 2009, approximately a month after filing the instant Petition, Petitioner agreed to pay $25.00 per quarter toward his obligation, beginning in June 2009. *See* Exhs. 4B & 9 to Answer.

In the Petition [1] and supporting Memorandum [5], Petitioner makes a number of incomprehensible and bewildering allegations.[1] The gravamen of his complaint, however, is that the application of the BOP's IFRP to him is invalid. *See* Petition; Memorandum; Rebuttal [16]. As relief, Petitioner requests the court to order his unit team to reduce his "points of inmate responsibility," grant a hearing on his petition, and grant $5,000,000 in damages. *See* Petition.

Analysis

28 C.F.R. §§ 545.10 establishes the IFRP, which applies to all federal inmates (with certain exceptions not applicable here). "The Bureau of Prisons encourages each sentenced inmate to meet his or her legitimate financial obligations. As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations...." 28 C.F.R. § 545.10. The financial plan is to include court-ordered obligations, including special assessments, fines, court costs and restitution. 28 C.F.R. § 545.11(a). The

---

[1] Petitioner alleges, *inter alia*, that: 1) the United States is operating in Chapter 11 bankruptcy; 2) all courts of the United States operate in fiction; and 3) Respondent is acting as an agent "for a foreign entity causing injury to the public." *See* Memorandum [5] at 1-2. Petitioner attaches a Uniform Commercial Code (UCC) Financing Statement that names him both as the debtor, and a secured party, of himself. *See* [5-2] at 2-6; Affidavit [4]. These allegations and statements are clearly frivolous and should be dismissed. "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Perry v. Tex. Dep't of Criminal Justice*, 275 Fed. Appx. 277, 278 (5th Cir. Apr. 15, 2008) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly incredible.'" *Perry*, 275 Fed. Appx. at 278 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

ordinary minimum payment is $25 per quarter, but can be higher depending on the inmate's obligations and resources. *See* 28 C.F.R. § 545.11(b)(1).

"The inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to unit staff." 28 C.F.R. § 545.11(b). An inmate's participation in the IFRP is monitored, and there are ordinarily adverse effects for an inmate who refuses to participate in the IFRP or to comply with the provisions of his financial plan.[2] *See* 28 C.F.R. § 545.11(d)(1)-(11). Program Statement P5380.08, Inmate Financial Responsibility Program, provides implementing language to guide BOP staff in applying the rules. *See* Exh. 7 to Answer.

To the extent that Petitioner raises a general challenge to the validity of the IFRP, such a challenge is unavailing. "The IFRP serves the legitimate penological interest of rehabilitation, and has been upheld against constitutional attack." *Mitchell v. U.S.*, 211 F.3d 125, at * 1 (5th Cir. Mar. 6, 2000) (*per curiam*) (citing *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999)); *see also Miller v. James*, 34 Fed. Appx. 151, at * 1 (5th Cir. 2002) (*per curiam*) (upholding dismissal of inmate's complaint that his constitutional rights were violated by unjust placement in IFRP, stating that inmate "failed to demonstrate any constitutional violations") (citing *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995); *McGhee*, 166 F.3d at 886)); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990) ("Johnson's constitutional challenge to the...[IFRP] must fail, because...[it] serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation."); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (upholding

---

[2] These are: notification of the Parole Commission; no furlough; restrictions on work assignment and bonus pay; no placement in UNICOR; commissary spending limitation; placement in the lowest housing status; no placement in community-based program; no release gratuity unless approved by the Warden; and no incentive for participation in residential drug treatment programs. *See* 28 C.F.R. § 545.11(d).

IFRP against constitutional attack); *Summersett v. Baucknecht*, 496 F.Supp. 2d 636, 639-40 (D.S.C. 2007) (rejecting inmate's challenge to IFRP); *Eidson v. Harper*, 2004 WL 2976675, at * 3 (N.D. Tex. Dec. 14, 2004) (same).

To the extent that Petitioner challenges the application of the IFRP to him, such a challenge is also unavailing. "[A] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). Petitioner's judgment does not provide a date certain or an installment schedule. *See* Exh. 2 to Answer. Thus, Petitioner's restitution was due immediately, and the BOP had the authority to collect it under the IFRP. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (where sentencing court has ordered immediate payment of fine, BOP has discretion to place inmate in IFRP); *see also U.S. v. Torres*, 2006 WL 2520684, at * 5 (11th Cir. Sept. 1, 2006) ("although the district court did not specifically delegate to the BOP the authority to determine a payment schedule, that does not preclude the BOP from using the IFRP to collect Torres's court-ordered fine."); *Bloch v. Lake*, 183 Fed. Appx. 471, 471 (5th Cir. June 8, 2006) ("Because the sentencing court set the amount of restitution and ordered that the restitution was due immediately, there was no unconstitutional delegation of judicial authority.") (citing *McGhee*, 166 F.3d at 886; *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998)); *McGhee*, 166 F.3d at 886 (where sentencing order directs immediate payment of fine, "the payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order. Nothing barred the BOP from ensuring pursuant to the IFRP that Mr. McGhee make good-faith progress toward satisfying his court-ordered obligations.").

Finally, since Petitioner is now participating in the IFRP, the restrictions of which he complains no longer apply to him. *See* Exh. 9 to Answer. Thus, with the exception of his claim

4

for money damages, which is unauthorized in this habeas action,[3] the relief sought in his Petition has been rendered moot. A case is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons,* 220 Fed. Appx. 256, 257 (5th Cir. Feb. 22, 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969); *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey,* 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke,* 150 Fed. Appx. 329, 331 (5th Cir. Oct. 6, 2005) (citation omitted). Thus, for this reason as well, the Petition should be dismissed.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the Petition of John Daniel Martin, III for a Writ of Habeas Corpus [1] be denied and dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

---

[3] A claim for money damages cannot be pursued in a habeas action. *See*, *e.g.*, *Pannell v. Prentiss Cty.*, 2010 WL 481017, at * 2 (N.D. Miss. Feb. 4, 2010) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Brewster v. Warden*, 2009 WL 455252, at * 5 (W.D. La. Feb. 9, 2009) (citing *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)).

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 22nd of March, 2010.

s/Michael T. Parker
United States Magistrate Judge
